UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Michael Bear** : | Case No. 1:14-cv-22 |
| c/o Gerhardstein & Branch Co. LPA : | |
| 432 Walnut Street, Suite 400 : | Judge |
| Cincinnati, OH 45202, : | |
| *As administrator of* : | |
| *the Estate of Uriel Juarez-Popoca*, : | |
| : | |
| **Plaintiff,** : | **CIVIL COMPLAINT AND JURY** |
| v. : | **DEMAND** |
| : | |
| **DELAWARE COUNTY, OHIO** : | |
| 149 North Sandusky St. : | |
| Delaware, OH 43015 : | |
| : | |
| and : | |
| : | |
| **DEREK BEGGS** : | |
| **CHRIS HUGHES** : | |
| **MATT WILLIAMS** : | |
| **JONATHAN BURKE** : | |
| **JANE AND JOHN DOE 1 - 5** : | |
| : | |
| c/o Delaware County Sheriff's Office : | |
| 149 North Sandusky St. : | |
| Delaware, OH 43015 : | |
| *Individually and in their official* : | |
| *capacity as employees of Delaware* : | |
| *County, Ohio*, : | |
| : | |
| and : | |
| : | |
| **SEAN CARPENTER** : | |
| **Ohio State Highway Patrol** : | |
| P.O. Box 182074 : | |
| Columbus, Ohio 43223 : | |
| *Individually* : | |
| : | |
| **Defendants.** : | |
| : | |

1

## I. PRELIMINARY STATEMENT

1. This case challenges the discriminatory treatment of Mr. Uriel Juarez-Popoca who suffered and then died as a result of the actions of law enforcement officers.  Violating all of their own rules of conduct and safety, Defendants ridiculed Mr. Popoca as a Mexican, ultimately leaving him disoriented and intoxicated in a dangerous area where he was predictably killed by a passing motorist.   On July 28, 2012, Uriel Juarez-Popoca made the mistake of driving a vehicle while intoxicated.  He had pulled his vehicle safely out of traffic on Interstate 71 in Delaware County, Ohio when the Defendant Officers confronted him.  Their standard protocol was to apprehend the drunk vehicle operator and hold him safely in their custody until he could be released safely to a third party.  These defendants did not follow that protocol with respect to Mr. Popoca.  Rather, they placed Mr. Popoca in handcuffs and dropped him off at a Taco Bell as a perverse joke, even though Mr. Popoca was obviously disoriented and confused.   From there Mr. Popoca predictably walked back onto the roadway and was killed.  Plaintiff brings this case seeking fair compensation for the decedent's family including his wife and children and in order that Defendants be encouraged in all future dealings to treat persons of Mexican heritage on an equal basis with all others.

## II. JURISDICTION

2. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343(3) and1343(4).  Jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).  Venue is proper in this Division.

### III. PARTIES

3. Michael Bear is the Administrator of the estate of Uriel Juarez-Popoca, who is deceased. He brings this action for the benefit of the next of kin and heirs of Uriel Juarez-Popoca, including his parents, wife, two children and other relatives who reside in Mexico.

4. Defendant Delaware County, Ohio, is a unit of local government organized under the laws of the State of Ohio. Defendant Delaware County Ohio is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

5. Defendant Derek Beggs was at all times relevant to this action a deputy sheriff employed by Delaware County Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued both in his individual and official capacity.

6. Defendant Chris Hughes was at all times relevant to this action a deputy sheriff employed by Delaware County Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued both in his individual and official capacity.

7. Defendant Matt Williams was at all times relevant to this action a deputy sheriff employed by Delaware County Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued both in his individual and official capacity.

8. Defendant Sergeant Jonathan Burke was at all times relevant to this action a sergeant employed by Delaware County Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued both in his individual and official capacity.

9. Defendant Jane and John Doe 1 – 5 were at all times relevant to this action persons employed by Delaware County Ohio.  Each Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  They are sued both in his individual and official capacity.

10. Defendant Sean Carpenter was at all times relevant to this action employed by the State of Ohio, assigned to the Ohio Highway Patrol.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in his individual capacity only.

### IV. FACTS

11. Uriel Juares-Popoca was a hard working 22 year old father of two children.  For several years he had worked at various jobs in the Columbus Ohio area and regularly sent remittances to Mexico to support his parents, wife, children and other relatives. His income was crucial to the survival of his family in Mexico.  Occasionally he would return home and celebrate the good fortune of being able to work and support his loving family.

12. Mr. Popoca drank socially but did not normally drink to excess.  He was conservative with his money and sent home to his family as much money as possible.

13. On July 28, 2012, Uriel Juarez-Popoca was operating a grey Ford F-150.  He was intoxicated.

14. He stopped the vehicle in the grass median on the north side of I-71 near the Berkshire Road overpass.

15. He had pulled the vehicle safely out of the moving traffic.

16. Motorists had observed the Ford on the highway and reported that the driver may be impaired.

17. Defendant Deputies Beggs and Hughes arrived on scene at approximately 9:13 P.M.

18. Defendant Deputies Beggs and Hughes could not easily communicate with Mr. Popoca who was both obviously impaired and speaking a combination of Spanish and broken English.

19. They removed Mr. Popoca from the vehicle and placed him in handcuffs.

20. Defendant Ohio State Highway Patrol Trooper Sean Carpenter arrived on scene at approx. 9:18 P.M.

21. Defendant Trooper Carpenter and Deputy Beggs discussed who wanted to process the case, noting that each of them was reluctant and would be going home soon.
Standard protocol for this situation would have been to apprehend the suspect, request that the person sign a 2255 form and undergo a urine or blood test, complete the documentation relating to operating a vehicle while under the influence and either detain the suspect or release him to a family member or friend who would take responsibility for his safe transport.

22. That standard protocol was not followed in this case because of Defendants' discrimination against Mr. Popoca based on his Hispanic or Mexican national origin.

23. The Defendant Deputies mocked and ridiculed Mr. Popoca based on his Hispanic or Mexican national origin. Defendant Trooper Carpenter failed to stop the discriminatory behavior of the deputies.

24. Defendant Deputy Beggs then advised Defendant Trooper Carpenter that they were going to transport Mr. Popoca to a nearby Taco Bell.

25. Defendant Trooper Carpenter locked the keys in the truck that Mr. Popoca had been driving. He observed the beer cans in the truck.

26. At approximately 9:31P.M., while Mr. Popoca was still in the officers' custody, Defendant Deputy Beggs called Defendant Deputy Matt Williams and explained that Mr. Popoca "had no idea what is going on" and that they were simply going to drop him off at a Taco Bell.

27. Defendant Deputy Matt Williams did not protest or take any action to protect Mr. Popoca.

28. Defendant Trooper Carpenter also did not protest or take any action to protect Mr. Popoca.

29. By taking Mr. Popoca to a Taco Bell the Defendants were engaged in a perverse joke. targeting Mr. Popoca based on his Hispanic or Mexican national origin.

30. Mr. Popoca was placed in Deputy Hughes' cruiser while he was still handcuffed.

31. Deputy Hughes transported Mr. Popoca approximately 3 miles from the location of Mr. Popoca's vehicle and dropped him off at a Taco Bell located at 7255 State Route 37 Sunbury, OH 43074.

32. Mr. Popoca was disoriented and confused at the Taco Bell.  He wandered into the store and also wandered outside.  He walked in the drive-through area as well.

33. The Taco Bell premises emptied directly onto State Highway 37 and U.S. Highway 36 which ran together at that location.

34. At approximately 9:45 P.M., the manager of the Taco Bell location where Mr. Popoca had been abandoned called 911. She was transferred to the Sheriff's Office. The manager reported that a Hispanic male had asked her to call the police. She reported that the Hispanic male was wandering inside and outside of her restaurant. She had problems with him being there because he was drunk, she could not understand what he was saying to her, and he had no idea what she was saying to him.

35. Mr. Popoca faced an obvious danger from the traffic on the state highway next to the Taco Bell premises.

36. The dispatcher for the Sheriff's Office advised Deputy Hughes that the male he dropped off was asking Taco Bell employees to call the Sheriff's Office.

37. Defendant Sergeant Burke heard the radio call and was aware of the danger posed to Mr. Popoca.

38. Both Defendant Hughes and Defendant Burke failed to take action to protect Mr. Popoca and failed to direct others to take action to protect him.

39. Defendants Beggs, Carpenter, Williams and Does 1 – 5 also heard the radio call and were aware of the danger posed to Mr. Popoca but failed to take action to protect him or direct others to take action to protect him.

40. Deputy Hughes returned to the Taco Bell at approx. 10:05 P.M. but did not search for Mr. Popoca who had by then entered the state highway near the Taco Bell.

41. At approximately 10:24 PM., several 911 calls were made stating there was a man walking in the roadway, weaving in and out of traffic, on U.S. 36 near the Alum Creek Bridge. Callers noted that he was not safe.

42. That location is approximately 1.25 milesfrom the Taco Bell where the Defendants had abandoned Mr. Popoca.

43. That location is on the same roadway that passes in front of the Taco Bell.

44. The Defendants, including but not limited to John Does 1 – 5, knew that the man walking dangerously in the roadway was Mr. Popoca, the suspect previously transported due to being drunk, and knew that he was disoriented and impaired but the Defendants failed to take action to protect him or direct others to take action to protect him.

45. At 10:34 P.M., a 911 call was made reporting traumatic injuries to the man walking in the roadway.

46. Mr. Popoca died from blunt impacts to the head, neck, and trunk due to a motor vehicle collision.

47. Defendants Carpenter, Hughes and Beggs were fired from their jobs because of their treatment of Mr. Popoca.

48. Defendants Hughes and Beggs were convicted of crimes based on their treatment of Mr. Popoca.

### B.     Policies as Moving Force

49. The individual Defendants acted negligently, intentionally, recklessly, with discriminatory intent, and with deliberate indifference to the constitutional rights of Mr. Popoca.

50. Policies, customs and practices of Delaware County were the moving force behind the constitutional violations suffered by plaintiff.

51. Although the Delaware County policymakers were on notice of the obvious need to train and supervise deputies with respect to the proper exercise of their discretion when interacting with impaired motorists of Mexican and/or Hispanic heritage, Defendant Delaware County failed to adequately train and supervise the individual defendants in these matters.  As such, Delaware County was deliberately indifferent to the rights of motorists of Mexican or Hispanic heritage, including the plaintiff.

52. The Delaware County Defendants, individually and through the custom, policy or practice as set by Delaware County, have each acted negligently, intentionally, recklessly, with discriminatory intent, and with deliberate indifference to the constitutional rights of Mr. Popoca.

53. At all times relevant to this action Delaware County, Ohio received federal funding for law enforcement programs and activities that were utilized in the interaction between Mr. Popoca and Defendants.

54. Delaware County ratified the conduct of Sgt. Burke, Deputy Williams, and Does 1- 5.

### C. Harm to Uriel Juarez-Popoca and His Family

55. As a direct and proximate result of Defendants' actions, before his death Uriel Juarez-Popoca endured intense physical pain and suffering, emotional distress, anguish, humiliation, disorientation, confusion and despair.

56. As a further direct and proximate result of Uriel Juarez-Popoca's wrongful death, his survivors and/or heirs have suffered permanent damages, including but not limited to, the loss of his support, services, and society, including lost companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education, as well as the loss of prospective inheritance.

57. As a further direct and proximate result of Uriel Juarez Popoca's wrongful death, his survivors, next of kin and/or heirs have suffered permanent damages, including but not limited to, grief, depression, and severe emotional distress. They have incurred funeral bills and medical bills.

### V. FIRST CAUSE OF ACTION – 42 U.S.C. § 1983

58. Defendants have, under color of law, deprived the plaintiff of rights, privileges, and immunities secured to him by the United States Constitution including the right to equal protection of the law and the right to receive due process under the Fourteenth Amendment to the United States Constitution and a right to held safely under the Fourth Amendment.

## VI. SECOND CAUSE OF ACTION – TITLE VI

59. The Defendant Delaware County Ohio has violated right secured to Mr. Popoca by 42 U.S.C. §2000d *et seq.* and 28 CFR §42.101 *et.seq.*

## VI.THIRD CAUSE OF ACTION – WRONGFUL DEATH

60. The Defendants' actions caused the wrongful death of Uriel Juarez-Popoca resulting in damages recoverable under R.C. §2125.02.

## VI. FOURTH CAUSE OF ACTION – NIED/IIED

61. Defendants Beggs, Carpenter, Burke, Hughes, Williams, and Does negligently and intentionally inflicted severe emotional distress on Mr. Popoca.

## VII. JURY DEMAND

62. Plaintiff requests a jury trial on all claims triable to a jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Award Plaintiff compensatory damages in an amount to be shown at trial;

B. Award punitive damages against the individual Defendants (not Delaware County and not the Ohio State Highway Patrol) in an amount to be shown at trial;

C. Award Plaintiff reasonable attorney's fees, costs and disbursements under 42 U.S.C. § 1988;

D. Award Plaintiff prejudgment interest;

E. Grant to the Plaintiff such additional relief as the Court deems just and proper.

Respectfully submitted,

s/ Alphonse A. Gerhardstein
Alphonse A. Gerhardstein (0032053)
Trial Attorney for Plaintiff
Jennifer L. Branch (0038893)
Gerhardstein & Branch, Co LPA
432 Walnut Street, Suite 400

Cincinnati, Ohio 45202
(513) 621-9100
Fax (513) 345-5543
agerhardstein@gbfirm.com
jbranch@gbfirm.com

/s/ Joel M. Spitzer
Joel M. Spitzer (0090198)
Trial Attorney for Plaintiff
97 S. Liberty Street
St. Powell, OH 43065
(614) 973-9079
Fax (740) 879-4233
joelspitzer@aol.com