```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Michael Bear,                       :

      Plaintiff,             :
  v.                                              Case No. 2:14-cv-43
                                    :
                                                JUDGE GREGORY L. FROST
Delaware County, Ohio, et al.,      :           Magistrate Judge Kemp

      Defendants.            :

## OPINION AND ORDER

This matter is before the Court to consider a motion to amend the complaint (Doc. 58) and a second motion to amend the complaint (Doc. 66) filed by plaintiff Michael Bear, the administrator of the estate of Uriel Juarez-Popoca. The motions have been briefed fully and are now ripe for decision. For the following reasons, the motion to amend the complaint will be denied as moot (Doc. 58), and the second motion to amend the complaint will be granted in part and denied in part (Doc. 66).

### I. Background

The facts of this case were set forth previously in an Opinion and Order issued by Judge Frost on December 2, 2014. This Court incorporates by reference the prior recitation of those facts, and it will repeat them here only as necessary to resolve the pending motions. Plaintiff Michael Bear filed this civil rights lawsuit on January 8, 2014 against Defendants Delaware County, Ohio, Delaware County Sheriff's Deputies Derek Beggs, Chris Hughes, Matt Williams, Sergeant Jonathan Burke, Jane and John Doe 1-5, and Ohio State Highway Patrol Trooper Sean Carpenter. The complaint sets forth causes of action under 42 U.S.C. §1983 (count one), Title VI (count two), wrongful death (count three), and negligent infliction of emotional distress/intentional infliction of emotional distress (count

four). The deadline for amending the pleadings established in the Court's preliminary pretrial order was June 15, 2014. (Doc. 26 at 2).

Two of the Defendants named in the complaint have been dismissed. More specifically, the Court granted Defendant Carpenter's motion to dismiss the claims against him pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 49) and granted an unopposed motion to dismiss Defendant Williams with prejudice (Doc. 75). On December 12, 2014, Defendants Beggs and Hughes filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Doc. 51). On December 16, 2014, Defendants Delaware County, Williams, and Burke also filed motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Doc. 53). Mr. Bear filed memoranda in opposition to both motions. (Docs. 59, 65). Mr. Bear also filed a motion to amend the complaint. (Doc. 58). Defendant Carpenter (Doc. 63) and Defendants Beggs and Hughes (Doc. 70) filed memoranda in opposition to the motion to amend.

On January 20, 2015, Mr. Bear filed a second motion to amend the complaint. (Doc. 66). The proposed second amended complaint "seeks to clarify factual statements" in an effort to "satisfy the concerns raised in the various motions to dismiss in this case by Defendants." Id. at 2. The proposed second amended complaint also narrows the causes of action, eliminating Title VI (count two in the original complaint) and negligent infliction of emotional distress (count four in the original complaint). Thus, the proposed second amended complaint sets forth causes of action under 42 U.S.C. §1983 (count one), wrongful death (count two), and intentional infliction of emotional distress (count three). Defendants Delaware County and Burke (Doc. 78) and Beggs and Hughes (Doc. 81) filed memoranda in opposition to the second motion to amend the complaint. Mr. Bear filed a reply brief in

support of his second motion to amend. (Doc. 83). In his reply brief, Mr. Bear states that he is "willing to withdraw [the] first motion to amend the Complaint (Doc. 58) in favor of [the] second motion to amend the Complaint (Doc. 66)." Id. at 1. Consequently, Mr. Bear's motion to amend will be denied as moot. (Doc. 58). The Court now examines the second motion to amend. (Doc. 66).

## II. Discussion

As set forth below, the deadline for amending pleadings established by the Court's scheduling order has passed. Accordingly, the Court will first examine whether Mr. Bear sets forth good cause for extending the date for filing the motion for leave to amend under Rule 16(b). After doing so, the Court will examine whether leave should be given under Rule 15(a).

### A. Rule 16(b)

Fed. R. Civ. P. 15(a)(2) states that when a party is required to seek leave of court in order to file an amended pleading, "[t]he court should freely give leave when justice so requires." However, when, as here, the deadline established by the Court's scheduling order has passed, the Sixth Circuit has made clear that, "a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend" and the Court "must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under Rule 15(a).'" Commerce Benefits Grp., Inc v. McKesson Corp., 326 Fed. Appx. 369 (6th Cir. 2009), quoting Leary v. Daeschner, 349 F.3d 888 (6th Cir. 2003); see also Hill v. Banks, 85 Fed. Appx. 432, 433 (6th Cir. 2003). Consequently, the Court is permitted to examine the standard factors governing amendment of complaints under Rule 15(a) only if it is satisfied that the date for the filing of a motion for leave to amend is properly extended under the good cause provisions of Rule 16(b).

In his motion for leave to file a second amended complaint, Mr. Bear does not deny that the June 15, 2014 deadline for seeking leave to amend a pleading had passed by the time he filed his second motion to amend on January 20, 2015.  Mr. Bear does, however, claim that good cause exists for allowing amendment on the ground that he only recently discovered facts set forth in the proposed second amended complaint.  The Court finds that Mr. Bear has demonstrated good cause for his failure to seek leave to amend prior to the June 15, 2014 deadline.  As he indicates, Mr. Bear recently learned of the additional facts to support his claims in discovery.  Further, Defendants have not pointed to any significant prejudice they will suffer that might dissuade the Court from simply proceeding with an analysis of Mr. Bear's motion under Rule 15(a).  To the extent that Defendants claim prejudice arising from the fact that they have already briefed the pending motions for judgment on the pleadings, the Court finds that, should Defendants choose to re-file their motions based upon the proposed second amended complaint, they could re-file their existing briefs in conjunction with a short supplement.  Thus, any prejudice would not be significant.

B.  <u>Rule 15(a)</u>

As noted above, Fed. R. Civ. P. 15(a)(2) states that when a party is required to seek leave of court in order to file an amended pleading, "[t]he court should freely give leave when justice so requires."  The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in <u>Foman v. Davis</u>, 371 U.S. 178 (1962) and <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires."  In <u>Foman</u>, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory

-4-

motive on the part of the party proposing an amendment, leave should be granted.  In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994), citing Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau, 786 F.2d 101, 103 (2d Cir. 1986); see also Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982).  Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir. 1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously.  General Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading.  They include whether there has been a repeated failure to cure deficiencies in the pleading, and

whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir. 1990); Head v. Jellico Hous. Auth., 870 F.2d 1117 (6th Cir. 1989).  The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment.  Id.  It is with these standards in mind that the instant motion to amend will be decided.

Here, Defendants argue that amendment would be futile because the proposed second amended complaint has not cured the deficiencies raised in the pending motions for judgment on the pleadings.  At this stage of the litigation, this Court is charged with determining whether the futility of an amendment is so obvious that it should be disallowed.  In this case, Mr. Bear alleges additional facts in support of his claims and narrows the causes of action by eliminating count two in the original complaint and the portion of count four in the original complaint which alleges negligent infliction of emotional distress.  The proposed amendment is not obviously futile.  Because the dispute over the validity of Mr. Bear's claims asks the Court very directly to address the merits of the complaint, the Court believes that it is the better exercise of discretion to permit the amendment.  Defendants are free to raise their merits arguments by re-filing and supplementing the motions for judgment on the pleadings once the amended complaint is filed, and the matter will then be subject to proper consideration by the District Judge.

Defendants also argue that Mr. Bear's proposed second amended complaint improperly attempts to assert claims against Defendants Carpenter and Williams, who have already been dismissed from this lawsuit.  Mr. Bear claims that he is re-asserting his claims against Defendant Carpenter "in order to

maintain his right to appeal once the entire case is finalized." (Doc. 83 at n.1).  Mr. Bear is incorrect in his apparent belief that filing an amended complaint which fails to include Defendant Carpenter constitutes a voluntary dismissal of that Defendant. This Court has previously evaluated Mr. Bear's claims against Defendant Carpenter and found them to be without merit.  Thus, Mr. Bear may not re-assert those claims in the proposed second amended complaint.  Mr. Bear concedes that the claims against Defendant Williams should not have been included in the proposed second amended complaint.  He states, "[i]t will be a simple matter to remove Mr. Williams's name from the Second Amended Complaint if Plaintiff is granted leave to file it."  Id. at 7.

    Based upon the foregoing, the second motion for leave to amend will be granted in part and denied in part.  More specifically, the motion to amend will be granted insofar as the proposed second amended complaint alleges additional facts and narrows the causes of action.  However, the second motion to amend will be denied to the extent that Mr. Bear seeks to assert claims against Defendants Carpenter and Williams.  Consequently, Mr. Bear will be permitted to file an amended complaint consistent with this Opinion and Order within seven days of its issuance.  Further, such an amended complaint shall be appropriately labeled as a first amended complaint, given that the first motion to amend the complaint will be denied as moot.

### III. Conclusion

    For the reasons set forth above, Mr. Bear's motion to amend the complaint is denied as moot (Doc. 58), and the second motion to amend the complaint is granted in part and denied in part (Doc. 66).  Specifically, the motion to amend is granted insofar as the proposed second amended complaint alleges additional facts and narrows the causes of action.  However, the second motion to amend is denied to the extent that Mr. Bear seeks to assert

claims against Defendants Carpenter and Williams.  Consequently, Mr. Bear will be permitted to file an amended complaint consistent with this Opinion and Order within seven days of its issuance.  Further, such an amended complaint shall be appropriately labeled as a first amended complaint, given that the first motion to amend the complaint is denied as moot.

## IV. <u>Procedure for Reconsideration</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp  
United States Magistrate Judge